IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-21035
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

PABLO SUAREZ, also known as Paul,

Defendant-Appellee.

_____
Appeal from the United States District Court
for the Southern District of Texas
(H-96-CR-84-4)
_____
September 10, 1997
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

The government appeals the district court's application of the Sentencing Guidelines, arguing that the district court erroneously construed the term "offense" as used in U.S.S.G. § 2L1.1(b)(2) to exclude relevant conduct not charged in the indictment.  The government also argues that Pablo Suarez was not entitled to a two-level reduction for acceptance of

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

responsibility because he limited his responsibility to the conduct charged in the indictment.

I.    RELEVANT CONDUCT

The district court's application of the Sentencing Guidelines is reviewed <u>de novo</u>.  <u>United States v. Peterson</u>, 101 F.3d 375, 384 (5th Cir. 1996), <u>cert. denied</u>, 117 S. Ct. 1346 (U.S. 1997).  The district court's factual findings, including what constitutes relevant conduct, is reviewed for clear error. <u>Id.</u>

The conduct at issue is Suarez's transportation of illegal aliens on an occasion not covered or charged in the indictment. The base offense level for harboring aliens is 9 under § 2L1.1(a).  The probation officer concluded that Suarez was responsible for harboring 21 aliens and therefore increased the offense level by 2.  § 2L1.1(b)(2)(A).  The government objected, arguing that Suarez should have received a 4-level increase pursuant to § 2L1.1(b)(2)(B) for transporting at least 26 aliens. According to the government, six of those aliens had been transported prior to the period charged in the indictment.

The district court apparently construed the specific offense characteristic under § 2L1.1(b)(2)(A) to include only the offense charged in the indictment.  Consequently, the court found it to be "relevant conduct in terms of the kind of activity" in which Suarez had been involved, but the conduct was not conduct with

which he had been charged in the indictment and, thus, would not be used to determine the specific offense characteristics.[2]

The court's narrow interpretation of "offense" is erroneous. The Guidelines commentary defines "offense" to mean "the offense of conviction <u>and all relevant conduct</u> under § 1B1.3 (Relevant Conduct)." § 1B1.1, comment. (n.1(l)) (emphasis added). The sentencing court is not limited to conduct from the offense of conviction. § 1B1.3, comment. (backg'd) ("Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."); <u>see</u> <u>United States v. Mendoza-Burciaga</u>, 981 F.2d 192, 198 (5th Cir. 1992) (explaining that a district court must consider a defendant's involvement in quantities of drugs not charged in the indictment when the conduct was part of the same course of conduct as the offense of conviction). Accordingly, the district court's narrow interpretation of the "offense conduct" was error. II. ACCEPTANCE OF RESPONSIBIITY

---

[2]   At sentencing, the court stated:

I mean, it's relevant, but it's not relevant to the charges in these indictments. It's relevant to the charges in terms of the kind of activity he has been involved; yeah, I think it's relevant in terms of addressing whether or not this is something that he has been involved in, but the Court overrules the objections to the extent that it was not conduct with which he was charged in the indictment.

3

The government also argues that Suarez was not entitled to a two-level reduction for acceptance of responsibility because he accepted responsibility only for transporting 15 but not more than 24 aliens. A "defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility." § 3E1.1, comment. (n.1(a)). There is no requirement that Suarez must volunteer or affirmatively admit relevant conduct beyond the conviction offense. Id.; United States v. Patino-Cardenas, 85 F.3d 1133, 1135 (5th Cir. 1996). Given that the defendant truthfully admitted the conduct comprising the offense of conviction, apparently was never asked about the conduct at issue here, and had no duty to volunteer this information, the district court's decision to award a two-level reduction for acceptance of responsibility was not an abuse of its great discretion.

VACATED AND REMANDED.